UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                                    CASE NO.: 20-12895-PDR

CHARLES RAYFIELD RHODES                                   CHAPTER 13

    Debtor.

_____/

**MOTION TO DEEM LATE FILE PROOFS OF CLAIM AS TIMELY FILED**

COMES NOW The City of Hollywood (hereinafter "Hollywood") by and through its undersigned attorney, hereby files this Motion to Deem Late Filed Proof of Claim as Timely Filed, and in support thereof states as follows:

**BACKGROUND**

1. On March 2, 2020, Charles Rayfield Rhodes (hereinafter "Debtor") filed his voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On or April 28, 2020, the Court set July 7, 2020 (hereinafter the "Claims Bar Date") as the last day for government units to file a proof of claim.

3. On or about May 17, 2021, while conducting a public bankruptcy search the City of Hollywood learned of the Debtor's filing.

4. On or about May 27, 2021, Hollywood filed an Objection to Confirmation of [131] Amended Chapter 13 Plan.

5. On or about June 1, 2021, the Court held a hearing for confirmation of the debtor's proposed Amended Chapter 13 plan.

6. On or about June 24, 2021, an Order Confirming [131] Amended Chapter 13 Plan was filed.

7. Federal Bankruptcy Rule 1007(a)(1) states that a debtor shall file with the petition a list containing the name and address of each entity to be included on schedules and the debtor shall file a supplemental statement properly upon any change in circumstances.

8. The Debtor is and has always been aware of all debts owed to Hollywood and has previously included Hollywood as a creditor on previous bankruptcy filings.

## NATURE OF CLAIMS

9. The Debtor owns several houses within the City of Hollywood.

10. On or about December 17, 2013 an Order of Imposition of Fine and Claim of Lien was confirmed and imposed; recorded in Official Records Instrument #112001861 of the Public Records of Broward County, Florida. As of May 4, 2021, the current amount due and outstanding is $697,000.00.

11. On or about August 16, 2016 and Order of Imposition of Fine and Claim of Lien was confirmed and imposed; recorded in Official Records Instrument #113880778 of the Public Records of Broward County, Florida. As of May 4, 2021, the current amount dues and outstanding is $887,500.00.

12. On or about October 30, 2018 and Order of Imposition of Fine and Claim of Lien was confirmed and imposed; recorded in Official Records Instrument #115422126 of the Public Records of Broward County, Florida. As of May 4, 2021, the current amount dues and outstanding is $12,000.00.

13. On or about November 21, 2018 and Order of Imposition of Fine and Claim of Lien was confirmed and imposed; recorded in Official Records Instrument #115480169 of the Public

Records of Broward County, Florida. As of May 4, 2021, the current amount dues and outstanding is $143,250.00.

14. On or about October 16, 2018 and Order of Imposition of Fine and Claim of Lien was confirmed and imposed; recorded in Official Records Instrument #115415859 of the Public Records of Broward County, Florida. As of May 4, 2021, the current amount dues and outstanding is $10,050.00.

15. On or about November 21, 2018 and Order of Imposition of Fine and Claim of Lien was confirmed and imposed; recorded in Official Records Instrument #115480170 of the Public Records of Broward County, Florida. As of May 4, 2021, the current amount dues and outstanding is $145,050.00.

16. Debtor currently has an outstanding water account for property located at 2403 Liberty Street totaling $8,359.13.

17. Debtor currently has an outstanding water account for property located at 1111 S. 29 Avenue totaling $8,608.04.

18. Debtor currently has an outstanding water account for property located at 2515 Fillmore Street totaling $13,772.11.

19. All of Hollywood's' claims are secured.

## BASIS FOR RELIEF REQUESTED

20. Federal Rule of Bankruptcy Procedure 3002(c) provides that a proof of claim is timely filed in a Chapter 13 case "if it is filed not later than 70 days after the order for relief under that chapter." However, the Rule allows a court to extend the time in which a creditor may file a proof of claim if one of several exceptions are met. As relevant here, Rule 3002(c)(6) provides:

> On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
>
>> (A) the notice was insufficient under the circumstances to give the creditor reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors'' names and address required by Rule 1007(a); or,
>>
>> (B) the notice was insufficient under the circumstances to give the creditor reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.

21. The best reading of Bankruptcy Rule 3002(c)(6)(A)'s text is that a creditor may be afforded relief under the rule if the creditor lacked sufficient notice "because of" a debtor's failure to file a list that includes the name and address of the creditor seeking to have its claim deemed timely under the rule, because for reason described in Bankruptcy Rule 1007(a)requires the inclusion of all known creditors in the debtor's matrix of creditors, such that an incomplete matrix does not constitute on "required by" Bankruptcy Rule 1007.  See *In re Helios and Matheson Analytics*, 2021 WL 2105800.

22. "The purpose of requiring a debtor to list creditors with their proper mailing addresses is to afford those creditors due process notice." *In re Glenwood Med. Grp.*, LTD., 211 B.R. 282, 285 (Bankr. N.d. Ill. 1997)

23. In *In re Jackson*, the Bankruptcy Court faced as similar situation. 2019 WL 3797580.There the debtor failed to list a creditor, the creditor did not receive sufficient notice and later through its own efforts learned of the bankruptcy.

24. Here, the Debtor knew Hollywood should have been listed as a creditor and has included Hollywood in all previous bankruptcy filings.

25. It is Hollywood's position that the Debtor intentional failed to include its outstanding debts as it would exceed the secured debt limits to meet eligibility for Chapter 13 pursuant to 11 U.S.C. § 109(e).

26. On or about March 24, 2021, in case number CACE-18-15921 involving Hollywood, the Debtor submitted a Verified Motion stating that he doesn't owe any money on any mortgages, doesn't owe any unpaid judgments or tax warrants and that he is not currently in bankruptcy. The Debtor also acknowledged the outstanding liens and judgments held by Hollywood.

27. On or about June 18, 2021, Debtor filed a Motion to Continue Prosecuting Cause of Action against Hollywood, after failing to list the pending lawsuit on its schedule.

28. It is respectfully submitted that based upon the foregoing, there is sufficient evidence to show that the Debtor acted in bad faith by failing to include Hollywood as a creditor, which ultimately lead to Hollywood not received notice to properly file its proof of claim and for the Court to deem Hollywood's' Proofs of Claim as to the Debtor timely filed.

**WHEREFORE**, the City of Hollywood seeks the entry of an Order granting the instant Motion, deeming their Proof of Claims timely filed, and granting such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DOUGLAS R. GONZALES,
CITY ATTORNEY
City of Hollywood
2600 Hollywood Boulevard
Room 407
Hollywood, FL 33020
Telephone:  (954) 921-3435
Telecopier:  (954) 921-3081

By: /s/Kendra Breeden Esq.
    Kendra Breeden Esq.
    Collections Attorney
    Fla. Bar No. 111383
    kbreeden@hollywoodfl.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 22, 2021 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case or via U.S. mail as listed in the below Service List.

**VIA CM/ECF:**

**20-12895-PDR Notice will be electronically mailed to:**

Robert J. Bigge Jr., Esq on behalf of Debtor Charles Rayfield Rhodes
brpa@biggerodriguez.com, biggerr72292@notify.bestcase.com

Melbalynn Fisher on behalf of Creditor U.S. Bank National Association
mfisher@ghidottiberger.com

Clarissa Pinheiro Schild Esq., on behalf of the Internal Revenue Service at
clariss.schild@usdoj.gov

Neisi I Garcia Ramirez on behalf of Creditor U.S. Bank National Association
Neisi.GarciaRamirez@mccalla.com, FLBKECF@mccalla.com,mccallaecf@ecf.courtdrive.com

Keith S Labell on behalf of Creditor Deutsche Bank National Trust Company
klabell@rasflaw.com, klabell@rasflaw.com

Keith S Labell on behalf of Creditor Wells Fargo Bank, National Association
klabell@rasflaw.com, klabell@rasflaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Christopher P Salamone on behalf of Creditor Wells Fargo Bank, National Association
csalamone@rasflaw.com, csalamone@rasflaw.com

Robin R Weiner
ecf@ch13weiner.com, ecf2@ch13weiner.com